## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**TERESA MOKA**                                                                        **PLAINTIFF**

**v.**                                      **Case No. 4:24-cv-00597-KGB**

**PULASKI COUNTY SPECIAL SCHOOL**
**DISTRICT and CHARLES MCNULTY,**
**Individually and as Superintendent**                                    **DEFENDANTS**

### ORDER

Before the Court is plaintiff Teresa Moka's motion to compel deposition (Dkt. No. 15). Defendants Pulaski County Special School District and Charles McNulty (collectively "PCSSD") filed a response in opposition to the motion (Dkt. No. 16). In her motion, Ms. Moka represents that she seeks to conduct depositions of separate defendant Dr. McNulty and PCSSD employee Dr. Darnell Bell because, according to Ms. Moka, topics discussed in the deposition of Ms. Moka on June 13, 2025, make it "beneficial" for those persons to be deposed (Dkt. No. 15, ¶ 5). Ms. Moka emphasizes that PCSSD was "afforded a deposition after the discovery deadline" and that the topics discussed in that deposition "necessitate a deposition," although she does not elaborate on what those topics are or why they would necessitate a deposition (*Id.*, ¶ 6).

In response, PCSSD cites to email correspondence between counsel for the parties making clear that the only reason PCSSD required an extension of the discovery deadline to conduct Ms. Moka's deposition was because Ms. Moka and her counsel failed to respond to multiple messages attempting to schedule the deposition of Ms. Moka for a mutually convenient day and time prior to the discovery deadline and, after that, failed to appear at a properly noticed deposition of Ms. Moka on Thursday, May 29, 2025 (Dkt. No. 16-2). Furthermore, the record also makes clear that PCSSD's counsel disclosed Dr. McNulty and Dr. Bell as potential witnesses in its initial

disclosures in discovery (Dkt. Nos. 16-1; 16-3, at 1).  According to PCSSD's counsel, and as evidenced by the email correspondence between counsel, PCSSD's counsel asked Ms. Moka during the discovery period whether she wanted to take any depositions but received no response (Dkt. No. 16-2, at 2).  Further, PCSSD's counsel represents that at no time prior to the expiration of the discovery deadline or the extended discovery deadline did Ms. Moka request to take the depositions of Dr. McNulty or Dr. Bell or any other witness.  Instead, PCSSD maintains that only after PCSSD filed its motion for summary judgment did Ms. Moka file the instant motion to compel.

Ms. Moka provides no explanation as to how her own deposition necessitates untimely depositions of Dr. McNulty and Dr. Bell, given that she has been aware that Dr. McNulty and Dr. Bell are potential witnesses in this case at least since PCSSD made its initial disclosures, which are dated December 17, 2024 (*Id.*, at 3).  Considering also that the discovery deadline in this case, as set out in the Court's December 3, 2024, Final Scheduling Order was May 21, 2025 (Dkt. No. 7, at 1), and that Ms. Moka's counsel did not make any attempt to communicate with PCSSD's counsel regarding potential depositions until *after* PCSSD filed its pending motion for summary judgment on June 19, 2025 (*see* Dkt. No. 15, ¶ 2), the Court sees no good cause under Federal Rule of Civil Procedure 16(b)(4) to alter its Final Scheduling Order to accommodate Ms. Moka's belated request.

For these reasons, the Court denies Ms. Moka's motion to compel deposition (Dkt. No. 15).

It is so ordered this 7th day of July, 2025.

Kristine G. Baker
Chief United States District Judge