IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERESA MOKA**                                                                            **PLAINTIFF**

v.                           **CASE NO. 4:24-cv-00597-KGB**

**PULASKI COUNTY SPECIAL SCHOOL DISTRICT and
CHARLES McNULTY, Individually and as Superintendent**        **DEFENDANTS**

### DEFENDANTS' PRETRIAL DISCLOSURE SHEET

Defendants, Pulaski County Special School District and Charles McNulty, Individually and as Superintendent, by their attorneys, Bequette, Billingsley & Kees, P.A., for their Pretrial Disclosure Sheet, state as follows:

1. <u>The identity of the party submitting information</u>.   Defendants.

2. <u>The names, addresses and telephone numbers of all counsel for the party</u>.

    BEQUETTE, BILLINGSLEY & KEES, P.A.
    Jay Bequette and Cody Kees
    425 West Capitol Avenue, Suite 3200
    Little Rock, Arkansas 72201-3469
    Phone: (501) 374-1107
    Email: jbequette@bbpalaw.com, ckees@bbpalaw.com

3. <u>A brief summary of claims and relief sought</u>.   Plaintiff seeks damages based on the following: Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. § 1983, and the Arkansas Civil Rights Act, Ark. Code Ann. § 16-123-107, *et seq.* Compl. (ECF Doc 2). Plaintiff seeks attorney's fees and costs under 42 U.S.C. § 2000, *et seq.*

4. <u>Prospects for settlement</u>.   None.

5. <u>The basis for jurisdiction and objections to jurisdiction</u>.   Federal question jurisdiction.   There is a dispute over jurisdiction related to Plaintiff not exhausting administrative remedies under Title VII, as outlined in Defendant's pending motion for summary judgment.

6. <u>A list of pending motions</u>. Defendants' Motion for Summary Judgment, Memorandum Brief in Support, and Statement of Undisputed Material Facts (ECF Docs. 12-14).

7. <u>A concise summary of the facts</u>. *See* Defendants' Statement of Undisputed Material Facts (ECF Doc 14).

8. <u>All proposed stipulations</u>. Defendants would stipulate to all facts set forth in their Statement of Material Facts, including but not limited to:

(a) The District is a public entity receiving federal funds;

(b) Plaintiff's salary at all times employed at PCSSD;

(c) Plaintiff's contracts at PCSSD; and

(d) Plaintiff's work history at PCSSD.

9. <u>The issues of fact expected to be contested</u>. *See* Defendants' Statement of Material Facts (ECF Doc. 14).

10. <u>The issues of law expected to be contested</u>. *See* Defendants' Motion for Summary Judgment (ECF Doc. 12) and Brief in Support (ECF Doc. 13).

11. <u>A list and brief description of exhibits, documents, charts, graphs, models, schematic diagrams, summaries, and similar objects which may be used in opening statement, closing argument, or any other part of the trial, other than solely for impeachment purposes, whether or not they will be offered in evidence. Separately designate those documents and exhibits which the party expects to offer and those which the party may offer</u>.

The following exhibits <u>will be</u> offered at the trial of this matter:

(a) Affidavit of Dr. Sonya Whitfield (ECF Doc. 12-1);

(b) Notice of Termination Letter to Dr. Moka dated January 26, 2024 (ECF Doc. 12-1);

(c)   Model Schools Services Agreement dated August 2, 2023, and signed September 12, 2023; Invoice (ECF Doc. 12-1);

(d)   Correspondence re: Termination of Model Schools Contract (ECF Doc. 12-1);

(e)   District Policy 7.5P, Purchase and Procurement, September 13, 2021 Email re: Contracts (ECF Doc. 12-1);

(f)   Staff Letter of Resignation Issue dated October 8, 2023 (ECF Doc. 12-1);

(g)   Mills Call-Out and Text regarding School Capacity (ECF Doc. 12-1);

(h)   Mills High School Data Meetings 2023-2034 (Dr. Whitfield) (ECF Doc. 12-1);

(i)   Safety/Security Ongoing Concerns (ECF Doc. 12-1);

(j)   Failure to Meet Critical Deadlines and Meetings (ECF Doc. 12-1);

(k)   Special Education Concerns (ECF Doc. 12-1);

(l)   Principal signed off on expulsion packets with incorrect information, missing information and due process issues (ECF Doc. 12-1);

(m)   Supervisor-Employee Conference Report dated November 16, 2023 (ECF Doc. 12-1);

(n)   Dr. Moka 2023-2024 contract (ECF Doc. 12-1);

(o)   Deposition Transcript of Teresa Moka (ECF Doc. 12-2).

The following exhibits may be offered at the trial of this matter:

(a)   PCSSD Policies;

(b)   PCSSD Board Minutes;

(c)   Plaintiff's personnel file;

(d)   Plaintiff's EEOC file;

(e)   Plaintiff's texts and/or emails;

(f)   Exhibits produced at Plaintiff's previous administrative hearings at PCSSD;

(g) Depositions in this proceeding;

(h) All documents identified during any discovery or depositions in this litigation;

(i) Any documents identified by Plaintiff;

(j) Any documents attached to any pleadings filed in this litigation.

12. <u>The names, addresses, and telephone numbers of witnesses for the party. Separately identify witnesses whom the party expects to present and those whom the party may call. Designate witnesses whose testimony is expected to be presented via deposition and, if not taken stenographically, a transcript of the pertinent portion of the deposition testimony</u>.

Defendants <u>will</u> call the following witnesses at trial:

(a) Dr. Sonya Whifield, Deputy Superintendent
c/o Defense Counsel

(b) Dr. Yolaundra Williams, Assistant Superintendent
c/o Defense Counsel

(c) Charles Rimmer, Assistant Principal
c/o Defense Counsel

(d) Dr. Gabriel Jackson, Assistant Principal
c/o Defense Counsel

(e) Plaintiff, Teresa Moka

Defendants <u>may</u> call the following witnesses at trial:

(f) Dr. Charles McNulty, former PCSSD Superintendent

(g) Damian Patterson
c/o Defense Counsel

(h) Jeremy Stuart, Lead Security Officer
c/o Defense Counsel

(i) Curtis Johnson, Executive Director of Support Services
c/o Defense Counsel

(j)     Dr. Darrell Bell, Director of Federal Programs
c/o Defense Counsel

(b)     Any witnesses identified by Plaintiff;

(c)     District employees who would have discoverable information regarding the allegations in this lawsuit, and may be contacted through undersigned counsel;

(d)     Custodians of records or other individuals as necessary to establish evidentiary foundations including, but not limited to, custodians of records or other qualified individuals;

(e)     Any witnesses identified in any discovery or depositions in this litigation;

(f)     Any persons identified in any pleadings or attachments thereto in this litigation;

(g)     Any persons identified by the other parties in this case, and any persons identified in any documents disclosed by the parties; and

(h)     Any witnesses necessary for purposes of impeachment or rebuttal.

13. <u>The current status of discovery, a precise statement of the remaining discovery and an estimate of the time required to complete discovery.</u>   Discovery is complete.

14. <u>An estimate of the length of trial and suggestions for expediting disposition of the action.</u>   Defendants anticipate trial would last four to five days.   Defendants believe trial may be expedited by allowing Defendants to question their witnesses during Plaintiff's case-in-chief.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:_____**W. Cody Kees**_____
      Jay Bequette, Ark. Bar No. 87012
      W. Cody Kees, Ark. Bar No. 2012118

*Attorneys for Defendants*