IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERESA MOKA                                                           PLAINTIFF

v.                  CASE NO. 4:24-cv-00597-KGB

PULASKI COUNTY SPECIAL SCHOOL DISTRICT and
CHARLES McNULTY, Individually and as Superintendent        DEFENDANTS

### MEMORANDUM BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS BY COURT ORDER PURSUANT TO RULE 41

Defendants, Pulaski County Special School District and Charles McNulty, Individually and as Superintendent, by their attorneys, Bequette, Billingsley & Kees, P.A., respectfully submit this Memorandum Brief in Support of their Response to Plaintiff's Motion to Dismiss by Court Order Pursuant to Rule 41 ("Motion") (ECF Doc. 23).

Plaintiff's Motion seeks voluntary dismissal of her claims under Fed. R. Civ. P. 41 so that she can later refile her claims and provide her right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's Motion should be denied or, in the alternative, only granted with conditions that costs will be awarded to Defendants if Plaintiff refiles and with limits on any additional discovery Plaintiff can pursue if she refiles her claims.

Plaintiff filed her present employment discrimination lawsuit without first exhausting her administrative remedies under Title VII, as admitted in her Motion. Plaintiff now seeks a dismissal so she can refile her lawsuit and cure her Title VII deficiencies. Plaintiff alleges she received her EEOC right-to-sue notice on May 25, 2025. Plaintiff never sought leave to amend her pleadings to provide her right-to-sue notice or even make reference in her pleadings that she had received a right-to-sue notice issued by the EEOC. It appears Plaintiff only realized her error after the discovery deadline had passed and after Defendants filed their pending motion for summary judgment. Now, at Defendants' expense, Plaintiff wants a do-over to refile her lawsuit

to cure her errors. Allowing Defendant to voluntarily dismiss her lawsuit so she can then refile and comply with Title VII's exhaustion requirements would highly prejudice Defendants and the requests should be denied.

The Eighth Circuit has generally held that the receipt of a right-to-sue notice from the EEOC is not a jurisdictional prerequisite for a plaintiff to bring employment litigation, but rather is a condition precedent to filing a Title VII claim, curable after the action has commenced. *Jones v. American State Bank*, 857 F.2d 494, 499-500 (8th Cir. 1988). In *Jones*, the Eighth Circuit held that although the plaintiff failed to obtain a right-to-sue letter prior to commencing the civil action, it was curable after the lawsuit commenced. However, *Jones* noted that the moving party for dismissal failed to provide evidence of prejudice, which allowed the plaintiff to further pursue the employment litigation. *Id*. at 499 ("Despite the absence of prejudice, the Bank argues Jones's failure to obtain a right-to-sue letter requires dismissal…"). Subsequent courts relying on *Jones* consistently cite a lack of prejudice to the defendant as a reason to allow the plaintiff to cure the defect of not providing a right-to-sue letter with the original complaint. *See Griffin v. Lowe's Home Ctrs., Inc*., No. 08-2543-KHV, 2009 U.S. Dist. LEXIS 30758, at *9 (D. Kan. Apr. 9, 2009) ("A Title VII complainant may file an action before receiving a right-to-sue letter, provided the record contains no evidence that the premature filing precluded the EEOC from performing its administrative duties *or that the premature filing caused prejudice to defendant.*") (emphasis added) and *Ramirez-Ortiz v. Ana E. Cucurella-Rivera Caribbean Univ*., No. CIVIL 06-1879CCC, 2007 U.S. Dist. LEXIS 61280, at *4 (D.P.R. Aug. 20, 2007).

The Eighth Circuit has noted that the existence of prejudice to the defendant is a consideration when determining whether a plaintiff can cure a defective Title VII complaint. *See McCaslin v. Cornhusker State Indus.*, No. 93-2503, 1995 U.S. App. LEXIS 7485, at *4 (8th Cir. Apr. 4, 1995), where the Eight Circuit found error to dismiss a plaintiff's employment

discrimination case under Fed. Rule 12(b)(6) for failure to provide the EEOC right-to-sue notice, as it was likely the plaintiff would have received the notice during the pendency of the action and could have corrected the deficiency during the pendency of the litigation. Other courts in the Eight Circuit have allowed a plaintiff who filed a defective Title VII complaint case to later amend, or the court allowed a dismissal without prejudice, but these cases involve decisions on this issue early in the proceedings, before the discovery deadline had passed and before the defendant had filed a dispositive motion on the record—as opposed to a 12(b)(6) early dismissal. *See Holden v. Rick Preston's Oil Field Serv.*, No. 06-2074, 2006 U.S. Dist. LEXIS 73590, at *2 (W.D. Ark. Aug. 10, 2006); *Pilak v. Uber Techs.*, No. 4:25-cv-00400-RHH, 2025 U.S. Dist. LEXIS 62770, at *2 (E.D. Mo. Mar. 28, 2025); and *Andrews-Byrd v. Nat'l Recs. & Archives Admin.*, No. 4:24-cv-01285-MTS, 2025 U.S. Dist. LEXIS 9244, at *2 (E.D. Mo. Jan. 17, 2025).

Here, Defendants would be prejudiced if Plaintiff were simply allowed to dismiss her claims and refile her case anew later to provide her right-to-sue notice. Plaintiff received her right-to-sue letter on May 25, 2025, four days after the discovery deadline passed. However, Plaintiff could have requested the EEOC issue her right-to-sue letter 180 days after she first filed her charge of discrimination with the EEOC on March 14, 2024 – which was September 10, 2024. *See* Plaintiff's Charge of Discrimination, attached to the District's Response as Exhibit 1. 42 U.S.C. § 2000e-5(f)(1), § 706(f)(1) of the Civil Rights Act of 1964, as amended, provides as follows:

> (f) Civil action by Commission, Attorney General, or person aggrieved.
>
> (1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d), the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable

to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. If a charge filed with the Commission pursuant to subsection (b) is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d), whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene in such civil action upon certification that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsections (c) or (d) of this section or further efforts of the Commission to obtain voluntary compliance.

The Eighth Circuit has interpreted this statute to mean that a complainant must file a civil action within 90 days after receiving a notice of dismissal from the EEOC or the complainant may demand statutory notice any time after 180 days have elapsed from the filing of the complaint if the EEOC has not dismissed his complaint, achieved a conciliation agreement, or filed a civil action. *See Shea v. St. Paul*, 601 F.2d 345, 348 (8th Cir. 1979), citing *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301 (8th Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S. Ct. 782, 46 L. Ed. 2d 641 (1976).

Here, Plaintiff received her right to sue letter on May 25, 2025, but her charge of discrimination was initially filed with the EEOC on March 14, 2024. *See* Exhibit 1. Plaintiff could have requested that the EEOC issue her right-to-sue letter as soon as September 10, 2024. Had Plaintiff taken this course of action and requested her right-to-sue letter on or about September 10, 2024, as the law allows, it would have provided six remaining months in the discovery window. This is what Plaintiff should have done to avoid prejudice to the Defendants, since she proceeded in prematurely filing her civil complaint on April 14, 2024, before receiving the right-to-sue letter. Instead, Plaintiff proverbially "sat on her rights" and did not request a right-to-sue letter, prejudicing Defendants. As Defendants outlined in Plaintiff's previous motion to compel discovery, allowing Plaintiff to refile her case and obtain a new scheduling order gives her the benefit of reviewing Defendants' Motion for Summary Judgment, providing Plaintiff with an unfair strategic advantage. Defendant knew she filed her present lawsuit without obtaining her EEOC right-to-sue letter and the Defendants relied on the Court's scheduling order to conduct discovery and timely file its motion for summary judgement. Then, after Plaintiff realized she had not exhausted Title VII administrative requirements (brought to her attention by Defendants) she seeks leave from the Court to get a complete do-over. Here, fairness requires Plaintiff's request for a voluntary Rule 41 dismissal be denied.

If the Court is inclined to allow Plaintiff to dismiss her claims and refile later, fairness should require that a new scheduling order not allow additional discovery. A Federal Rule 41 dismissal request allows the Court to grant the request "on terms that the court considers proper." Here, allowing Plaintiff to dismiss her case without prejudice to refile, but to not allow additional discovery would help strike the balance of allowing Plaintiff to still pursue her Title VII claims (which Defendants still oppose) but not allow Plaintiff to conduct additional discovery after the deadline has already passed. Furthermore, Defendants request their costs if Plaintiff refiles her

claims under Rule 41(d), as Plaintiff has admitted in her Motion that her sole reason for seeking the dismissal is to refile and correct her deficiencies that Defendants raised.

WHEREFORE, Defendants pray that Plaintiff's Motion to Dismiss by Court Order Pursuant to Rule 41 be denied; but if it is granted, that the Court not allow Plaintiff to reopen discovery in her new lawsuit and that Plaintiff be ordered to pay Defendants' costs in the previous action; and for all other appropriate relief to which Defendants may be entitled.

Respectfully submitted,

BEQUETTE, BILLINGSLEY & KEES, P.A.
425 West Capitol Avenue, Suite 3200
Little Rock, AR 72201-3469
Phone: (501) 374-1107
Fax:    (501) 374-5092
Email: jbequette@bbpalaw.com
Email: ckees@bbpalaw.com

By:        **W. Cody Kees**
       Jay Bequette, Ark. Bar No. 87012
       W. Cody Kees, Ark. Bar No. 2012118

*Attorneys for Defendants*