IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TERESA MOKA**
                                                                    **PLAINTIFF**

**v.**                          **Case No. 4:24-cv-00597-KGB**

**PULASKI COUNTY SPECIAL SCHOOL**
**DISTRICT and CHARLES MCNULTY,**
**Individually and as Superintendent**                              **DEFENDANTS**

## ORDER

Before the Court is plaintiff Teresa Moka's motion to dismiss by Court Order pursuant to Rule 41 (Dkt. No. 23). Defendants Pulaski County Special School District and Charles McNulty, individually and as superintendent (collectively "PCSSD"), oppose the motion or request that, if the Court grants the motion, the Court impose conditions that costs be awarded to PCSSD and that limits be imposed on additional discovery if Ms. Moka refiles her claims (Dkt. No. 25). In her complaint, Ms. Moka alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; violations of 42 U.S.C. § 1983; the Arkansas Civil Rights Act ("ACRA"), Arkansas Code Annotated § 16-123-101 *et seq.*; and Arkansas state law claims of defamation and negligence (Dkt. No. 2, at 7–9).

### I.    Motion To Dismiss Voluntarily And Without Prejudice

The Court cautions Ms. Moka that the law in the Eighth Circuit is clear with respect to the timeliness of Title VII claims. Title VII claims are not preserved by a state savings statute after a voluntary nonsuit. *See Garrison v. Int'l Paper Co.*, 714 F.2d 757, 759 n.2 (8th Cir. 1983) (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946)) ("Because Title VII actions are governed by a federal statute of limitations, the Arkansas saving clause is inapplicable."). "Dismissal without prejudice operates to leave the parties as if no action had been brought at all." *Moore v. St. Louis*

*Music Supply Co.*, 539 F.2d 1191, 1194 (8th Cir. 1976).  A suit filed under Title VII must be brought within 90 days after the United States Equal Employment Opportunity Commission ("EEOC") gives notice of the employee's right to sue.  42 U.S.C. § 2000e-5(f)(1); *McDonald v. St. Louis Univ.*, 109 F.4th 1068, 1070 (8th Cir. 2024)).  Because a dismissal without prejudice does not extend the time for filing, Ms. Moka's Title VII claims against PCSSD may be barred by the statute of limitations.  The Court defers to Ms. Moka and her counsel with respect to these fact dependent legal issues.

Ms. Moka also asserts claims under the ACRA.  Such claims must be filed either:  (1) within one year after the alleged employment discrimination; or (2) within 90 days after receipt of a right-to-sue letter issued by the EEOC, whichever is later.  *See* Ark. Code Ann. § 16-123-107(c)(4).  Moreover, an untimely EEOC charge will not begin running the 90-day limitations period of the ACRA.  *Burkhart v. Am. Railcar Indus., Inc.*, 603 F.3d 472, 476 (8th Cir. 2010); *Duty v. Norton-Alcoa Proppants*, 293 F.3d 481, 489 (8th Cir. 2002).

Further, Ms. Moka's motion is properly characterized as a motion to dismiss voluntarily and without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).  Under Rule 41(a)(2), after an answer or motion for summary judgment has been filed, a plaintiff may voluntarily dismiss an action without the agreement of all parties "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  A district court has discretion in deciding whether to allow a plaintiff to dismiss voluntarily an action under Rule 41(a)(2).  *See Blaes v. Johnson & Johnson*, 858 F.3d 508, 512 (8th Cir. 2017).

The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side," and "[c]ourts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit."  *Adams v. USAA Cas. Ins. Co.*,

863 F.3d 1069, 1079 (8th Cir. 2017) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 782 (8th Cir. 1987)).  "When ruling on a Rule 41(a)(2) motion, district courts must consider 'whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.'" *Tillman v. BNSF Ry. Co.*, 33 F.4th 1024, 1027 (8th Cir. 2022) (quoting *Donner v. Alcoa, Inc.*, 709 F.3d 694, 697 (8th Cir. 2013)).

The Eighth Circuit's "settled rule is that a plaintiff seeking voluntary dismissal without prejudice must give a reason other than 'merely to seek a more favorable forum.'" *Id.* at 1029 (quoting *Graham v. Mentor Worldwide LLC*, 998 F.3d 800, 805 (8th Cir. 2021)); *see also Blaes*, 858 F.3d at 512 ("A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum.").  However, the Eighth Circuit has also made it clear that a plaintiff's preference for a different forum is not fatal to a voluntary dismissal without prejudice.  *See* Tillman, 858 F.4th at 1028.  The Court will therefore consider "whether dismissal would result in a waste of judicial time and effort."  *Id.* at 1029, and  whether granting the requested voluntary dismissal will prejudice the defendant, *see id.* at 1030.

In this context, "[l]egal prejudice is more than the fact that a defendant might have to defend another action."  *Blaes*, 858 F.3d at 513.  Additionally, "[n]either 'the expense and effort of drafting and responding to discovery' nor the loss of a tactical advantage constitute legal prejudice."  *Id.* (quoting *Mullen v. Heinkel Filtering Sys., Inc.*, 770 F.3d 724, 728 (8th Cir. 2014)).  PCSSD's filing of a motion for summary judgment also does not establish prejudice under the circumstances present here.  "While a pending motion for summary judgment is a factor the court may take into account when considering whether to grant a motion for voluntary dismissal, it is not by itself dispositive."  *Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co.*, 999 F.2d 1257,

1262 (8th Cir. 1993) (affirming Rule 41(a)(2) dismissal after defendants had filed a motion for summary judgment).

At this stage of the litigation, given the explanation Ms. Moka proffers as to the reason for her motion to dismiss voluntarily and without prejudice pursuant to Rule 41(a)(2), the Court will grant Ms. Moka's pending motion but conditions that relief as follows (Dkt. No. 23).

## II.    Conditions For Refiling

PCSSD requests that, if the Court grants Ms. Moka's motion, the Court condition that relief appropriately.  "[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a)." *Blaes*, 858 F.3d at 516 (alteration in original) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 972 (8th Cir. 1984)). Alternatively, the court may grant the voluntary dismissal without prejudice but order that, if the plaintiff chooses to refile the action against the defendant at a later date in state or federal court, the plaintiff must then pay the defendant's fees and costs associated with the dismissed action. *See Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988); *Garner v. Union Pac. R.R. Co.*, Case No. 4:15-cv-007330AGF, 2016 WL 612765, at *1 (E.D. Mo. Feb. 16, 2016) (granting voluntary dismissal "subject to the condition that, if Plaintiffs re-file this cause of action against some or all of these three Defendants, whether in state or federal court, Plaintiffs must pay the court costs and reasonable attorneys' fees the Defendants incurred in the instant cause of action, less any expenses for work that can be reused in the subsequent litigation").  "'The time and effort invested by the parties, and the stage to which the case had progressed' are the most important factors to consider when the court decides whether to grant a dismissal with conditions."  *Blaes*, 858 F.3d at 516 (quoting *Kern*, 738 F.3d at 972).

Where a voluntary dismissal occurs after a case has progressed to an advanced stage, such conditions may be required.  *See Blaes*, 858 F.3d at 516 (finding district court abused its discretion by not evaluating whether costs and fees should be awarded where "the parties spent two years working on the case and the court had ruled on several *Daubert* motions" prior to the voluntary dismissal); *Kern*, 738 F.2d at 973 (finding district court abused its discretion by not conditioning dismissal on payment of costs and fees in the event of refiling where the dismissal was granted after trial had already started).  Even where less progress has been made, courts may condition dismissal on payment of expenses where it is necessary to prevent the defendant from incurring significant duplicative expenses.  *See, e.g.*, *Jeffries v. Mo. Metals, LLC*, Case No. 4:13-cv-01921-JAR, 2014 WL 1846305, at *3 (E.D. Mo. May 8, 2014) (conditioning voluntary dismissal on payment of costs and attorneys' fees in the event that the plaintiffs refiled a similar action where the dismissal occurred after some paper discovery and after the case had been on file for less than a year; finding such conditions warranted in light of the "significant time and efforts expended by Defendants to defend this action, as well as Plaintiffs' desire to prosecute this case in another forum"; and finding "this condition will adequately protect Defendants from the burden and expense of defending the same cause of action multiple times"); *Bonner v. Daybreak Exp., Inc.*, Case No. 4:11-cv-01047-CDP, 2012 WL 262678, at *3 (E.D. Mo. Jan. 27, 2012) (ordering that if the plaintiff refiled the same cause of action in state or federal court, she would be required to pay the defendant's costs, expenses, and fees of litigating the first case, except for the expenses of any discovery that will be used in the state case).

The Court conditions its granting of Ms. Moka's voluntary dismissal without prejudice of her claims asserted in this lawsuit on the following:  (1) if Ms. Moka refiles her claims in federal court or in state court subject to removal to federal court, those claims should be assigned to this

Court as a related case, at which time the Court will take up the issue of whether to permit additional discovery and whether to impose the payment of PCSSD's costs, expenses, and fees of litigating the first case; or (2) if Ms. Moka refiles her claims in state court such that they are not subject to removal to federal court but are a similar action, PCSSD may petition this Court to take up the issue of whether to impose the payment of PCSSD's costs, expenses, and fees of litigating the first case.

**III.    Conclusion**

For the foregoing reasons, the Court grants Ms. Moka's motion to dismiss by Court Order pursuant to Rule 41 (Dkt. No. 23), pursuant to the conditions set forth in this Order.  Given its ruling on the motion to dismiss, the Court denies as moot PCSSD's pending motion for summary judgment (Dkt. No. 12).

It is so ordered this 18th day of August, 2025.

Kristine G. Baker
Chief United States District Judge